**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

ZUANIA MIRO MARTINEZ,
Plaintiff,

v.

BLANCO VELEZ STORE, INC.,
CARLOS GENZANA, AND HECTOR
CABRERA
Defendants.

Civ. No. 04-2260 (HL)

## OPINION AND ORDER

Plaintiff Zuania Miro Martinez ("Miro") brings this action against Blanco Velez Store, Inc., ("Blanco Velez Store"), Carlos Genzana ("Genzana") and Hector Cabrera ("Carbrera") alleging sexual harassment, sex-based discrimination and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Miro has also invoked this Court's supplemental jurisdiction over claims arising under the laws of the Commonwealth of Puerto Rico. *See* 28 U.S.C. § 1367. Pending before the Court is Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). [1]

For the reasons set forth below, the Defendants' Motion to Dismiss is denied.

## STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163,

---

[1] See Dkt. No. 36.

2

164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir.1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). A court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

### DISCUSSION

In their Motion, Defendants maintain Miro's complaint fails to allege Blanco Velez Store is an employer within the definition set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (b). In reviewing the sufficiency of a complaint before the reception of any evidence either by affidavit or admissions, the Court's task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Gorski v. New Hampshire Dept, of Corrections,* 290 F.3d 466, 473 (1st Cir.2002). Therefore, what the Court must now determine is whether Miro has met the pleading requirements of Fed.R.Civ.P. 8(a). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 , 508 (2002) (To survive a motion to dismiss, Plaintiff need only satisfy the simple requirements of Rule 8(a)).

Pursuant to Fed.R.Civ.P. 8(a), all that Plaintiff is required to plead is "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Plaintiff is not required to plead facts supporting each and every element of his prima facie case. *Swierkiewicz,* 531 U.S. at 511. Rather, a plaintiff need only plead enough facts to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims lacking merit can be dealt with at a later

stage through summary judgment. *Id.* at 514.

Applying this standard to her complaint, the Court finds that Miro has met the pleading requirements set forth in Rule 8(a) in so far as her Complaint contains enough information to put Defendants on notice of the nature of her claims.  The Court, however, cannot dismiss the complaint merely because Miro did not state Blanco Velez Store was an employer within the meaning of Title VII.  The employer numerosity requirement of Title VII is not a jurisdictional requirement, but rather relates to the substantive adequacy of the plaintiff's claim.  *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1238-1239 (2006).  Whether Blanco Velez Store qualifies as an employer under Title VII is an decision that should be made in the context of a summary judgment motion or at trial, where the parties would have the opportunity to proffer evidence in support of their claims and defenses.  "The issue presently before us ... is not what the plaintiff is required ultimately to prove in order to prevail on her claim, but rather what she is required to plead in order to be permitted to develop her case for eventual adjudication on the merits." *Gorski*, 290 F.3d at 472.  Accordingly, the Court must **Deny** Defendant's Motion to Dismiss Miro's Title VII claim and claims arising under the laws of the Commonwealth of Puerto Rico.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 14, 2006.

S/ HECTOR M. LAFFITTE

U.S. Senior District Judge